**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

E.I. DUPONT DE NEMOURS AND COMPANY,
D & D SALVAGE CORPORATION, OXY USA
INC., W.A. BAUM COMPANY, INC.,

            Defendants.

No. 21 Civ. 6970 (NSR)

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: ___9/28/2021___ |

**CONSENT DECREE**

TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................ 1
II.     JURISDICTION ................................................................................................ 1
III.    PARTIES BOUND .......................................................................................... 2
IV.     DEFINITIONS................................................................................................. 2
V.      ADMISSIONS ................................................................................................. 3
VI.     PAYMENT OF RESPONSE COSTS .............................................................. 4
VII.    FAILURE TO COMPLY WITH CONSENT DECREE .................................. 5
VIII.   COVENANTS BY UNITED STATES ............................................................ 6
IX.     RESERVATION OF RIGHTS BY UNITED STATES .................................. 6
X.      COVENANTS BY THE SETTLING DEFENDANTS..................................... 7
XI.     EFFECT OF SETTLEMENT/CONTRIBUTION ............................................ 8
XII.    RETENTION OF RECORDS AND CERTIFICATION................................... 9
XIII.   NOTICES AND SUBMISSIONS.................................................................... 10
XIV.    RETENTION OF JURISDICTION .................................................................. 11
XV.     INTEGRATION/APPENDICES ..................................................................... 11
XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................... 11
XVII.   SIGNATORIES/SERVICE................................................................................ 12
XVIII.  FINAL JUDGMENT ...................................................................................... 12

# I. BACKGROUND

A.      WHEREAS, the United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Port Refinery Superfund Site in the Village of Rye Brook, Westchester County, New York (the "Site," as defined below);

B.      WHEREAS, the defendants that have entered into this Consent Decree are E.I. DuPont de Nemours and Company ("DuPont"), D & D Salvage Corporation ("D & D"), OXY USA Inc. ("Oxy"), and W.A. Baum Company, Inc. ("W.A. Baum") (collectively, the "Settling Defendants");

C.      WHEREAS, in response to the release or threatened release of a hazardous substance, namely mercury, at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604;

D.      WHEREAS, in performing response actions at the Site, EPA incurred response costs;

E.      WHEREAS, the United States alleges that the Settling Defendants are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for all past and future response costs incurred, or to be incurred, by EPA in connection with the Site;

F.      WHEREAS, the United States has reviewed the Financial Information (as defined below) submitted by the ability-to-pay ("ATP") Settling Defendant (as defined below) to determine whether the ATP Settling Defendant is financially able to pay response costs at the Site, and, based upon its review and evaluation of the information submitted by the ATP Settling Defendant, the United States has determined that the ATP Settling Defendant has limited financial ability to pay response costs incurred and to be incurred at the Site; and

G.      WHEREAS, the United States and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the United States and Settling Defendants in good faith, that settlement of this matter without further litigation and without any further adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the parties to this Consent Decree, and that the terms of this Consent Decree are fair, reasonable, and in the public interest.

THEREFORE, with the consent of the United States and the Settling Defendants, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

# II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 9607 and 9613(b), and further has personal jurisdiction over the Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, the Settling Defendants waive all objections and defenses that they may

have to jurisdiction of the Court or to venue in this District. The Settling Defendants shall not challenge the entry or terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.    This Consent Decree is binding upon the United States, and upon each of the Settling Defendants and their respective successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets, or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

   a.   "ATP Settling Defendant" shall mean D & D Salvage Corporation.

   b.   "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

   c.   "Consent Decree" shall mean this Consent Decree and any appendices attached thereto.

   d.   "Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the end of the next working day.

   e.   "DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

   f.   "Effective Date" shall mean the date upon which approval of this Consent Decree is recorded on the Court's docket.

   g.   "EPA" shall mean the U.S. Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

   h.   "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

   i.   "Financial Information" shall mean those financial documents identified in Appendix B.

   j.   "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at

the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at http://www2.epa.gov/superfund/superfund-interest-rates.

k. "National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States and the Settling Defendants.

n. "Plaintiff" shall mean the United States.

o. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901, et seq. (also known as the Resource Conservation and Recovery Act).

p. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

q. "Settling Defendants" shall mean DuPont, D & D, Oxy, and W.A. Baum.

r. "Site" shall mean the Port Refinery Superfund Site, including approximately 0.63 acres of land, located at 55 Hillandale Road in the Village of Rye Brook, Westchester County, New York, the buildings and other structures located or formerly located on the premises, and the properties adjacent to or nearby the premises where the hazardous substance that was the subject of EPA's response action came to be located as a result of or in connection with the operations at the Port Refinery Superfund Site.

s. "State" shall mean the State of New York.

t. "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. ADMISSIONS

4. Settling Defendants hereby admit, acknowledge, and accept responsibility for the following:

- EPA has determined that from the 1970s through the early 1990s, Port Refinery, Inc. ("Port Refinery") engaged in, among other things, the business of mercury reclaiming, refining, and processing.

- Port Refinery operated at 55 Hillandale Road in the Village of Rye Brook, Westchester County, New York. EPA has determined that Port Refinery's owners, Edmund and Norma Barbera, operated Port Refinery out of their two-story garage located behind their residential home at 55 Hillandale Road. The Port

3

Refinery property was bordered by private residences on its south, east, and west sides.

- EPA has determined that Port Refinery took virtually no environmental precautions or safety measures during its mercury refinement process.

- EPA has determined that Port Refinery released a significant amount of mercury into the environment, contaminating the Site.

- EPA has determined that mercury from the Settling Defendants' mercury-containing products was comingled at the Site and contributed to the mercury released into the environment at the Site.

5.      Defendant DuPont hereby admits, acknowledges, and accepts responsibility for delivering 3,291 pounds of mercury, which included virgin, unused, scrap, used, and contaminated mercury, to Port Refinery during Port Refinery's period of operations.

6.      Defendant D & D hereby admits, acknowledges, and accepts responsibility for delivering 2,150 pounds of scrap mercury to Port Refinery during Port Refinery's period of operations.

7.      Defendant Oxy hereby admits, acknowledges, and accepts responsibility for the following: (a) Oxy sold 190 pounds of surplus mercury and mercury-containing materials to Poor Charlie & Company or its predecessor-in-interest, Raleigh Junk, during Port Refinery's period of operations, and (b) EPA has determined that those surplus mercury and mercury-containing materials came to be located at the Site.

8.      Defendant W.A. Baum hereby admits, acknowledges, and accepts responsibility for delivering 1,425 pounds of "dirty" mercury to Port Refinery during Port Refinery's period of operations.

## VI.      PAYMENT OF RESPONSE COSTS

9.      Within 30 days after the Effective Date, Settling Defendants DuPont, Oxy, and W.A. Baum shall pay to the EPA Hazardous Substance Superfund their respective amounts set forth in Appendix A to this Consent Decree. Settling Defendant D & D shall make payments to the EPA Hazardous Substance Superfund in the amounts and on the schedule set forth for D & D in Appendix A to this Consent Decree.

10.      Each Settling Defendant shall make its payment at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of New York after the Effective Date. The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU shall provide the payment instructions to each Settling Defendant in accordance with Section XIII (Notices and Submissions). Each Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change in accordance with Section XIII (Notices and Submissions).

11.    At the time of payment, each Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions), and to the EPA Cincinnati Finance Center by email at cinwd_acctsreceivable@epa.gov or by mail to:

> EPA Cincinnati Finance Center
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, the Site/Spill ID Number 027T, and the DOJ case number 90-11-3-1142/7.

## VII.    FAILURE TO COMPLY WITH CONSENT DECREE

12.    Interest on Late Payments. If any Settling Defendant fails to make any payment required by Paragraph 9 by the required due date, such Settling Defendant shall pay an additional sum for Interest on the unpaid balance calculated from the Effective Date through the date of payment.

13.    Stipulated Penalty.

a.    If any amounts due under Paragraph 9 are not paid by the required date, the Settling Defendant who failed to make the timely payment(s) shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 12, $750 per violation per day that such payment is late.

b.    Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties," shall be made to EPA by Fedwire Electronic Funds Transfer to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York NY 10045
> Field Tag 4200 of the Fedwire message should read "D 68010727
> Environmental Protection Agency"

and shall reference the CDCS number, the Site/Spill ID number, and the DOJ case number, as set forth in Paragraph 11.

c.    At the time of payment of any stipulated penalty, Settling Defendant(s) shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions), and to the EPA Cincinnati Finance Center in accordance with Paragraph 11. Such notice shall reference the CDCS number, the Site/Spill ID number, and the DOJ case number, as set forth in Paragraph 11.

d.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant(s) of the violation or made a demand for payment,

but need only be paid upon demand. All penalties shall begin to accrue on the day after payment or performance is due and shall continue to accrue through the date of payment or the final day of correction of the noncompliance or completion of the activity. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

14. If the United States brings an action to enforce this Consent Decree, any Settling Defendant(s) that fail(s) to comply with this Consent Decree shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

15. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of any Settling Defendant's failure to comply with the requirements of this Consent Decree.

16. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of any stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse the Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII. COVENANTS BY UNITED STATES

17. <u>Covenants for Settling Defendants by United States</u>. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States on behalf of EPA covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. With respect to each Settling Defendant, these covenants are conditioned upon the satisfactory performance by such Settling Defendant of its obligations under this Consent Decree. With respect to ATP Settling Defendant, these covenants are also conditioned upon the veracity and completeness of the Financial Information provided to EPA by ATP Settling Defendant and the certification made by ATP Settling Defendant in Paragraph 32, below. These covenants extend only to Settling Defendants and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

18. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Section VIII (Covenants by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against each Settling Defendant with respect to:

    a. liability for failure of such Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      d.     liability based on the ownership or operation of the Site by such Settling Defendant when such ownership or operation commences after signature of this Consent Decree by such Settling Defendant;

      e.     liability based on such Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by such Settling Defendant; and

      f.     liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

19.    Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, with respect to ATP Settling Defendant if the Financial Information provided by ATP Settling Defendant, or the certification made by ATP Settling Defendant in Paragraph 32, is false or, in any material respect, inaccurate.

## X.    COVENANTS BY THE SETTLING DEFENDANTS

20.    <u>Covenants by the Settling Defendants</u>. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

      a.     any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.     any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the New York State Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

      c.     any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law relating to the Site.

21.    Except as provided in Paragraph 23 (claims against other potentially responsible parties ("PRPs")) and Paragraph 28 (*res judicata* and other defenses), the covenants in this Section shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 18.a (liability for failure to meet a requirement of the Consent Decree) or 18.b (criminal liability), but only to the extent that the Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

22.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

23.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against each other and any PRP who enters or has entered into a settlement with the United States relating to the Site to the extent Settling Defendants' claims and causes of action are within the scope of the matters addressed in such PRP's settlement with the United States, provided, however, that this waiver does not apply if such PRP asserts a claim or cause of action regarding the Site against Settling Defendants. Nothing in the Decree limits Settling Defendants' rights under section 122(d)(2) of CERCLA to comment on any *de minimis* or ATP settlement proposed by EPA.

## XI.     EFFECT OF SETTLEMENT/CONTRIBUTION

24.     Except as provided in Paragraph 23 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by the Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2) of CERCLA.

25.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which the Settling Defendants have, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 18.a (liability for failure to meet a requirement of the Consent Decree) or 18.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

26.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

27.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior

to the initiation of such suit or claim. Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within ten days after service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within ten days after service or receipt of any Motion for Summary Judgment, and within ten days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

28.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by the United States set forth in Section VIII.

## XII.    RETENTION OF RECORDS AND CERTIFICATION

29.     Until ten years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all non-identical copies of records, reports, or information (hereinafter referred to, collectively, as "records") now in their possession or control, or which come into their possession or control after the Effective Date, that relate in any manner to the liability of any person under CERCLA with respect to the Site, regardless of any corporate or personal retention policy to the contrary.

30.     After the conclusion of the ten-year document retention period in the preceding Paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records to EPA. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: (1) the title of the record; (2) the date of the record; (3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendants' favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

31.     Each Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the filing of suit against it regarding the Site, and that it has fully complied with any and all EPA requests for information regarding the Site and its financial circumstances, including but not limited to

insurance and indemnity information, pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

32.     ATP Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

>   a.     submitted to EPA financial information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time it executes this Consent Decree; and

>   b.     fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

## XIII.   NOTICES AND SUBMISSIONS

33.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants, respectively.

As to DOJ:

>   Anthony J. Sun
>   Assistant U.S. Attorney
>   United States Attorney's Office,
>   Southern District of New York
>   86 Chambers Street, Third Floor
>   New York, NY 10007

With a copy to:

>   EES Case Management Unit
>   U.S. Department of Justice
>   P.O. Box 7611
>   Washington, D.C. 20044-7611
>   Eescdcopy.enrd@usdoj.gov
>   Re: DJ # 90-11-3-1142/7

As to EPA:

>   Walter S. M. Sainsbury
>   Assistant Regional Counsel
>   Office of Regional Counsel
>   United States Environmental Protection Agency, Region 2
>   290 Broadway, 17th Floor
>   New York, NY 10007

As to the Settling
Defendants:

E.I. DuPont de Nemours and Company
Kevin M. Hogan, Esq.
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, NY  14203-2887

D & D Salvage Corporation
Thomas K. Bick, Esq.
Butzel Long
1909 K Street, N.W.
Washington, D.C.  20006

OXY USA Inc.
Stephen E. Fitzgerald, Esq.
Morgan, Lewis & Bockius LLP
1717 Main St., Suite 3200
Dallas, TX  75201

W.A. Baum Company, Inc.
Lila T. Wynne, Esq.
Marshall Dennehey Warner Coleman & Goggin, P.C.
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054

## XIV.   RETENTION OF JURISDICTION

34.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.     INTEGRATION/APPENDICES

35.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

Appendix A is the list of Settling Defendants and their payment amounts; and

Appendix B contains the list of the Financial Information pertaining to the ATP Settling Defendant.

## XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

36.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or

withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. The Settling Defendants consent to the entry of this Consent Decree without further notice.

37.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement if voided may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES/SERVICE

38.    The undersigned representative of each Settling Defendant and the United States Department of Justice certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

39.    Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

40.    Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. FINAL JUDGMENT

41.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Settling Defendants. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 28 DAY OF   September , 2021
                              White Plains, NY

                           The Clerk of Court is kindly directed to
                           terminate the motion at ECF No. 4 and to
                           terminate this action.

                           SO ORDERED:

                           HON. NELSON S. ROMAN
                           UNITED STATES DISTRICT JUDGE

12

Signature Page for Consent Decree Regarding the Port Refinery Superfund Site

FOR THE UNITED STATES OF AMERICA:

AUDREY STRAUSS
United States Attorney

August 17, 2021         By:                              
Dated                             ANTHONY J. SUN
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel: 212-637-2810
                                        Fax: 212-637-2786

Signature Page for Consent Decree Regarding the Port Refinery Superfund Site

August 17, 2021                              s/ Pat Evangelista[1]
Dated                                        PAT EVANGELISTA
                                             Director
                                             Superfund and Emergency Management Division
                                             U.S. Environmental Protection Agency, Region 2
                                             290 Broadway, 19th Floor
                                             New York, New York 10007

---

[1] Consent for signature obtained pursuant to S.D.N.Y. ECF Rule 8.5(b).

Signature Page for Consent Decree Regarding the Port Refinery Superfund Site

FOR SETTLING DEFENDANT

E.I. DuPont de Nemours and Company

Name: THOMAS E. STILLEY

Title: REMEDIATION GROUP LEADER

Signature Page for Consent Decree Regarding the Port Refinery Superfund Site

FOR SETTLING DEFENDANT

D&D Salvage Corporation

Joseph Raimondo

Name: _____

Title: _President_

Signature Page for Consent Decree Regarding the Port Refinery Superfund Site

FOR SETTLING DEFENDANT

OXY USA, Inc.

Name: Juan P. Camoano

Title: Vice President

Signature Page for Consent Decree Regarding the Port Refinery Superfund Site

FOR SETTLING DEFENDANT

W.A. Baum Company, Inc.

*James M. Baum*

Name: JAMES M. BAUM

Title: VICE PRESIDENT

## APPENDIX A

1.      E.I. DuPont de Nemours and Company -- $658,639

2.      D & D Salvage Corporation -- $430,352, plus interest, in four installments as follows:

        a.      Within 30 days after the Effective Date, $130,352;

        b.      Within 1 year after the Effective Date, an additional $100,000, plus 3.25% interest, compounding annually;

        c.      Within 2 years after the Effective Date, an additional $100,000, plus 3.25% interest, compounding annually;

        d.      Within 3 years after the Effective Date, an additional $100,000, plus 3.25% interest, compounding annually.

3.      OXY USA Inc. -- $38,031

4.      W.A. Baum Company, Inc. -- $285,233

**APPENDIX B**

**THE FINANCIAL INFORMATION PERTAINING TO SETTLING DEFENDANT D&D SALVAGE CORPORATION SET FORTH IN THE FOLLOWING DOCUMENTS:**


1.    2009 – 2020 U.S. Income Tax Return for D & D Salvage Corporation;

2.    D & D Financial Statements for the Three Months ended September 30, 2016;

3.    Promissory Note dated June 18, 2015;

4.    Promissory Note dated June 11, 2015;

5.    Ability to Pay Analysis, submitted by D & D Salvage Corporation in March 2015; and

6.    Email from Thomas Bick to Caleb Hayes-Deats dated June 20, 2016.